UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CHUKWUMA E. AZUBUKO,

Plaintiff,

v.

STATE OF LOUISIANA, and
LOUISIANA BOARD OF BAR
OVERSEERS/EXAMINERS,

Defendants.

---

Civil No. 14-242 (ADM/FLN)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

**I. BACKGROUND**

Plaintiff commenced this action by filing a self-styled civil complaint, (Docket No. 1), seeking a judgment against the State of Louisiana and the "Louisiana Board of Bar Overseers/Examiners." Plaintiff alleges that some time ago, (apparently many years ago), he was enrolled in a "distance law degree program with the [now] defunct LaSalle University at Mandaville, Louisiana." (Complaint, p. 1.) As far as the Court can tell, Plaintiff is claiming that he successfully completed his "distance law degree program," and he then applied to take the Louisiana state bar examination in 2000. (Id.) However, Plaintiff

allegedly was "denied the opportunity" to take the bar examination, because "LaSalle University was non-ABA accredited." (Id., pp. 1-2.)

Plaintiff is now attempting to sue the State of Louisiana, and the state agency that oversees Louisiana's bar admissions, for wrongly depriving him of the opportunity to take the Louisiana bar examination in 2000. He claims that Defendants violated the federal Constitution and various federal trade laws, and that he was injured by various torts allegedly committed by Defendants, (e.g., negligence, intentional and negligent infliction of emotional distress, and "lack of good faith"). Plaintiff is seeking a judgment against each Defendant in the amount of $60,000,000.00.

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). The Court finds that Plaintiff's current complaint is fatally defective for several reasons.

First, the complaint does not set forth a coherent set of factual allegations that could support a cause of action. While a pro se pleading is to be liberally construed, it still must allege some cogent statement of facts, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not satisfy this requirement, because it does not adequately describe specific acts or omissions by the named Defendants that could support any cause of action against them under any cognizable legal theory.

The Court also notes that Plaintiff's claims apparently arose more than a dozen years ago, so his current lawsuit is undoubtedly time-barred.

Furthermore, it clearly appears that both of the named Defendants are immune from suit in federal court, because Louisiana obviously is a state, and the other Defendant, "Louisiana Board of Bar Overseers/Examiners," presumably is a state agency. See Dubuc v. Michigan Bd. of Law Examiners, 342 F.3d 610, 615 (6th Cir. 2003) (Michigan Board of Law Examiners is a state agency). The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). In this case, Plaintiff has not identified any applicable Congressional abrogation of Defendants' Eleventh Amendment immunity, and there are no allegations showing that either of the named Defendants has waived its immunity and consented to be sued. Thus, the Court finds that Defendants are constitutionally immune from Plaintiff's present lawsuit.

Finally, Plaintiff has not shown that there are any grounds for exercising personal jurisdiction over Defendants in this District. Plaintiff's submissions indicate that Defendants are located in another state, i.e., Louisiana. See Plaintiff's Civil Cover Sheet, (attachment

to Complaint). Furthermore, nothing in Plaintiff's submissions suggests that Defendants have ever conducted any business in Minnesota, engaged in any activity in Minnesota, or established any presence in Minnesota, which could provide any grounds for personal jurisdiction in Minnesota. For this additional reason Plaintiff's IFP application should be denied, and this action should be dismissed, sua sponte. See Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (when an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed); Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir. 1983) (same). See also De Jesus Baltierra v. West Virginia Bd. of Medicine, No. 03-5305, (D.C.Cir. 2004), 2004 WL 1249644 (unpublished opinion) (affirming district court's dismissal of plaintiff's claims against state agencies for lack of personal jurisdiction).

## III. CONCLUSION

For all of the reasons cited above, the Court concludes that Plaintiff's complaint fails to state any legally cognizable claim against the named Defendants, which can properly be entertained in the United States District Court for the District of Minnesota. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be dismissed.

This is the second meritless lawsuit that Plaintiff has filed in this District during the past two months. (See Azubuko v. Story, Civil No. 13-3284 (PAM/SER).) Furthermore, Plaintiff has filed a host of other frivolous lawsuits in other federal district courts across the country. At least one federal court has already imposed restrictions on Plaintiff's right to file further pro se lawsuits without preauthorization. That Court explained that –

> "The pro se Plaintiff, Chukwuma Azubuko, has a well-known history of filing frivolous litigation and abusing the resources of the federal judiciary. The Plaintiff's filings in the above-captioned cases continue his pattern of bringing frivolous claims despite an obvious and complete lack of basis for either jurisdiction or venue in this District. The Plaintiff's continued filing of frivolous lawsuits, which spans the course of fifteen years and at least ten districts, compels the Court to curtail his deliberate and unfettered abuse of judicial resources. Accordingly, and on the basis of the facts particularized below, the Court dismisses the above-captioned cases pursuant to 28 U.S.C. § 1915(e)(2). In addition, a Standing Order is hereby issued, requiring the Plaintiff to obtain leave of the Court before filing future actions in the District of Connecticut."

Azubuko v. United States, Civil Nos. A309CV1818VLB, A310CV24VLB, A310CV68VLB (D.Conn. 2010), 2010 WL 1782149 (unpublished opinion) at *1.

In light of Plaintiff's deplorable history of vexatious litigation, both here and elsewhere, it may be necessary to impose restrictions on his ability to file more lawsuits in the District of Minnesota. Although this Court will not recommend that such restrictions be imposed at this time, Plaintiff is now forewarned that if he files more frivolous lawsuits in this District in the future, he may added to the District's list of "restricted filers," and he may be prohibited from filing more pro se actions without pre-authorization from a judge.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1. Plaintiff's Application to Proceed In Forma Pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED**.

Dated: February 10, 2014

*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 24, 2014**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.